

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 6:07-CR-24** |
| | § | |
| **JERRY LYNN METTLEN** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Jerry Lynn Mettlen, violated conditions of supervised release imposed by Chief United States District Judge Leonard Davis of the Eastern District of Texas. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release [Clerk's doc. #24]. The Court conducted a hearing on October 31, 2012, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of

supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On August 27, 2007, the Honorable Leonard Davis, Chief United States District Judge for the Eastern District of Texas, sentenced the defendant after he pled guilty to the offense of possession of material involving the sexual exploitation of minors, a Class C felony. Judge Davis sentenced the defendant to 70 months imprisonment to be followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include the following:

- a special assessment of $100;

-financial disclosure to monitor the defendant's effort to obtain and maintain lawful employment;

-the defendant shall comply with any federal, state, or local registration law for offenders convicted of sexual crimes and shall be responsible for any costs associated with those registration laws; the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments to determine appropriate treatment and the defendant shall pay any cost associated with treatment and testing;

-the defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer;

-the defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2);

-the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release;

-the defendant shall allow the U.S. Probation Office to install software designated to monitor computer activities on any computer the defendant is authorized to use and this may include, but is not limited to, software that may record any and all activity on the computer the defendant may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations and the defendant will pay any costs related to the monitoring of his computer usage. Additionally, the defendant shall advise anyone in his household that any computer in the household may be subject to computer monitoring software; the defendant shall not attempt to remove, tamper with or in any way circumvent the monitoring software; the defendant shall disclose all online account information, including user names and passwords, to the

U.S. Probation Office and shall also, if requested, provide a list of all software/hardware on his computer, as well as telephone, cable or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor the defendants computer usage and shall provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions.

-Furthermore, the defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability, cellular telephones with internet capability, computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection; and

-the defendant shall also refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment.

On April 20, 2012, the Court modified Jerry Lynn Mettlen's conditions of supervised release to include 180 days residential reentry center to allow Mr. Mettlen additional time to locate an approved residence within the Eastern District of Texas. On May 29, 2012, Jerry Lynn Mettlen completed his period of imprisonment and began service of the supervision term. A residence located within the Eastern District of Texas was approved by the U.S. Probation Office and the Court removed the special condition for residential reentry center on July 5, 2012.

**B. Allegations in Petition**

The United States alleges that the defendant violated the following special condition of supervised release:

> *The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability, cellular telephones with internet capability, computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection.*

Specifically, Jerry Mettlen reported to the U.S. Probation Office on September 14, 2012. During the course of the meeting, U.S. Probation Officer Susan Budjenska asked to see Mr. Mettlen's cellular telephone to check for internet capability and any other contraband. Upon reviewing the phone, it was discovered that it did have internet capability and had been used. Mr. Mettlen initially denied having internet access, but later admitted prior to his polygraph on September 25, 2012, that he knew about the internet capability and had used this device to access the internet.

### C. Evidence presented at Hearing:

At the hearing, the Government would present the testimony of United States Probation Officer Susan Budjenska. She would attest to the truth of the allegations set forth above as stated in the petition.

Defendant, Jerry Lynn Mettlen, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he using a cell phone with internet capabilities to access the internet in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised

release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by using a cellular phone with internet capabilities to access the internet. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2); 18 U.S.C. § 3583(g).

Based upon the Defendant's criminal history category of I and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 3 to 9 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* Based on the offense of conviction in this case, the maximum term of supervised release that may be imposed in this revocation proceeding is life.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated a special condition of his supervised release. Mr. Mettlen voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, the undersigned United States Magistrate Judge recommends that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order the defendant to serve a term of **three (3) months imprisonment**, with placement in Angelina County if possible. The Court finally recommends that, upon his release from prison, the defendant should be sentenced to a new term of **supervised release for twenty-seven (27) months.** The new term of supervision should be subject to the following conditions:

"Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) As directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing.

The defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release,

the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release.

The defendant shall be placed on home detention for a period not to exceed 180 days, to commence immediately upon release from confinement. During this time, the defendant shall remain at his place of residence except for employment or other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is to pay the cost associated with his program of electronic monitoring.

The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer."

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district

judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of November, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE